THE STATE, EX REL. WALTER H. GRIFFITH, PROSECU-
TOR, v. THE COUNTY OF HUDSON, A BODY POLITIC
AND CORPORATE OF THE STATE OF NEW JERSEY,
RESPONDENT.

THE STATE, EX REL. WALTER H. GRIFFITH, PROSECU-
TOR, v. THE COUNTY OF HUDSON, A BODY POLITIC
AND CORPORATE OF THE STATE OF NEW JERSEY,
RESPONDENT.

Argued February 19, 1924—Decided March 11, 1924.

**Public Offices—Mandamus to Compel Payment of Money Alleged
Due from County—Treasurer Must Be Made Party to Pro-
ceedings—In This Class of Cases, Facts Must Be Undisputed
and Legal Right Clear—Writ Denied.**

On rule to show cause why writs of *mandamus* should not
issue.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the relator, *James A. Hamill.*

For the respondent, *John J. Fallon.*

PER CURIAM.

The application is for writs of *mandamus* requiring the
county of Hudson to make payment of two claims for money
said to be owing to the relator from the county.   One claim
is for $2,364.16 for alleged service rendered and expenses
incurred on account of furnishing men for the purpose of
serving warrants in connection with an election in Hoboken,
May 13th, 1919.   The other is for alleged services rendered
and expenses incurred on account of raids made on gamblers
at Hoboken and Jersey City, and amounts to $405.07.   The
application for the *mandamus* is based upon the statute mak-
ing it the duty of the prosecutor of the pleas to use diligence

for the detection, arrest, indictment and conviction of offenders against the laws and providing that all necessary expenses incurred thereby, certified to and approved under his hand by a judge of the Court of Oyer and Terminer or the judge of the Court of Quarter Sessions for any county, shall be paid by the board of chosen freeholders thereof. 2 *Comp. Stat., p.* 1850, § 95.

Depositions were taken in pursuance of these rules to show cause, and the original bills were produced from some county files, and it sufficiently appears that each of them was endorsed as follows: "Approved, Pierre P. Garven *v.* Prosecutor of the Pleas; approved, Richard Doherty, J." It further appears, however, that the signature, Pierre P. Garven, as prosecutor, was not placed thereon by the prosecutor himself, but by the assistant prosecutor, who indicated that fact by his initial, and who deposed that the signature was his.

We think that a writ of *mandamus* in each of these cases should be denied, primarily, because the county treasurer is not a party to the proceeding. It was distinctly held in this court in the case of *Murray* v. *Hudson County,* 117 *Atl. Rep.* 254; 97 *N. J. L.* 74; that the writ should not be directed to the county, but to the disbursing officer. This decision we naturally deem controlling upon and dispositive of the present application.

It might be proper to add that if there were no such difficulty in the procedure, we hardly think that the relator has made out a case entitling him to a writ of *mandamus.* In this class of cases, the rule is fundamental that the facts should be undisputed and the legal right clear. While it appears in this case that the two bills were certified by the assistant prosecutor apparently in the course of his routine duty, and thereupon were certified by a judge of the Common Pleas, it further appears that the assistant prosecutor had little or no personal knowledge of the services performed, that he had told the relator that he had nothing to do with the bills; and while the prosecutor himself was not produced as a witness at the taking of these depositions because of his absence from the state, it was specifically stipulated at the

·argument that if the prosecutor were produced, he would testify that at no time did he as prosecutor employ the relator to do any work for the county of Hudson, nor did he at any time authorize anyone to approve the claims of said relator. From the posture of the evidence, it would seem to be clearly improper for the court to award a writ.

It further appears that ordinary actions at law have been brought and are pending against the county based upon these claims. While we have not considered the pendency of these actions in connection with the question whether a writ of *mandamus* should be allowed or denied, in view of the doubt thrown on the matter by the testimony taken under these depositions, it may, perhaps, be as well for the relator to proceed with these actions and, if he obtains judgment, he would be in a better position to apply again for writs of *mandamus* to enforce the collection of such judgment.

The rules to show cause are discharged, with costs.